**Jules FULLER, Plaintiff,**

v.

**AMERIJET INTERNATIONAL, INC., Defendant.**

Civil Action No. H–03–1128.

United States District Court, S.D. Texas.

July 22, 2003.

Thomas W. Moore, Jr., Richmond, TX, for Plaintiff.

Pam Hicks, Houston, TX, for Defendant.

Opinion on Summary Judgment

HUGHES, District Judge.

1. *Introduction.*

A shipper hired a carrier to transport goods overseas by air. The carrier lost the goods. Although the cargo was lost before it left this country, the carrier's liability is limited by an international convention.

2. *Background.*

In December **2001,** Jules Fuller contracted with Amerijet to transport a computer and home-theater equipment from Houston to Belize City by air. Fuller delivered the goods to Amerijet at its warehouse at Houston's Bush Airport. Amerijet hired Land Cargo to truck the

goods from Houston to Miami. Land Cargo delivered the goods to Amerijet at Miami's airport. At that point, the goods disappeared. There is no evidence of what happened to the goods after delivery to Amerijet in Miami. The goods are missing. Fuller sued.

### 3. *Warsaw Convention.*

The Warsaw Convention is the exclusive remedy for recovery of loss of goods during an international shipment by air. In this case, the goods were being transported overseas-from Houston to Belize City. These cities' nations are parties to the convention. If the loss occurred during shipment by air, the convention applies. 49 U.S.C. § 40105.

Under the convention, transportation by air includes the entire period in which the air carrier is in charge of the goods-not simply the time the goods are on the airplane. This includes the time the goods are being loaded, delivered, and transshipped. While the movement of the goods from Houston to Miami was considerable, it was still a component of the carriage by air. It was directly related to Amerijet's contractual obligation to ship, with the surface carrier being the air carrier's sub-bailee. The loss of the goods in Miami is a loss during shipment by air under the convention.

### 4. *Conclusion.*

Because the loss of goods occurred during transportation by air, the Warsaw Convention allows Fuller to recover $9.07 per pound for the goods lost. On Amerijet's motion for summary judgment, Fuller will take $3,673.35 for the loss of goods as limited by the Warsaw Convention.

#### Final Judgment

It is adjudged that Jules Fuller recover from Amerijet International, Inc.:

A. Principal of $3,673.35,

B. Costs of court, and

C. Post-judgment interest at 1.10 percent per annum.